UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X

MAKADA LAMONT,

                     Plaintiff,

        -against-

THE CITY OF NEW YORK, Police Officer COLIN
SULLIVAN, Shield No. 13597, Lieutenant IAN
RULE, Police Officer JOHN DOE # 1 through 2
in their individual and official capacities as
employees of the City of New York,

                   Defendants.
---------------------------------------------------------- X

**FIRST AMENDED
COMPLAINT**

Jury Trial Demanded

15 CV 5141(ARR)(RML)

Plaintiff, MAKADA LAMONT, by her attorney, The Rameau Law Firm,
alleges the following, upon information and belief, for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant
to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Sixth, Eighth, and
Fourteenth Amendments to the United States Constitution, against the
defendants mentioned above in their individual and official capacities, and
against the City of New York.

2. On June 29, 2014, Defendants COLIN SULLIVAN, Shield No.
13597, Lieutenant IAN RULE, Police Officer JOHN DOE # 1 through 2
(collectively, the "Defendants") unlawfully arrested Plaintiff without probable
cause and then assaulted and seriously injured him, all without any
justification or due cause.

3. Plaintiff seeks compensatory and punitive damages and an

award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION

4.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331.

## VENUE

5.     Under 28 U.S.C. § 139l (b) and (c) , venue is proper in the Eastern District of New York.

## PARTIES

6.     Plaintiff MAKADA LAMONT was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

7.     Defendant COLIN SULLIVAN, Shield No. 13597 ("Sullivan") at all times relevant times herein, was an officer, employee and agent of the NYPD. Defendant Sullivan is sued in his individual and official capacities.

8.     Defendant Sullivan at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

9.     Defendant Leutenant IAN RULE (Rule) at all times relevant times herein, was an officer, employee and agent of the NYPD. Defendant Rule is sued in his individual and official capacities.

10.     Defendant Rule at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights

11.     At all times relevant times defendants John Doe 1 through 2 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not

2

know the real names and shield numbers of defendants John Doe 1 through 2.

12.　At all times relevant herein, defendants John 1 through 2 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe 1 through 2 are sued in their individual and official capacities.

13.　At all times relevant herein, all individual defendants were acting under color of state law.

14.　The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

15.　The City was at all material times the public employer of defendant officers named herein.

16.　The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior".

**FACTUAL ALLEGATIONS**

17.　Plaintiff is an African-American female.

18.　On June 29, 2014, at approximately 11:30 p.m., Plaintiff was in the area of Avenue of Americas and West 4 Street, City and State of New York, when defendants approached Plaintiff without justification or

provocation and assaulted Plaintiff.

19.    Defendants picked up Plaintiff and then slammed her onto the concrete with brute force, cuffed Plaintiff and dragged her causing Plaintiff to sustain bruising and lacerations.

20.    Then defendants slammed Plaintiff against the police van. As a result of the impact, Plaintiff became concussed.

21.    The defendants then transported Plaintiff to the 6th Precinct.

22.    At the precinct, Defendant COLLIN SULLIVAN falsely informed members of the New York County District Attorney's Office that he had observed Plaintiff committing various crimes.

23.    At no point did the Defendant observe Plaintiff committing any crimes or offenses.

24.    The assigned prosecutor thereafter incorporated SULLIVAN's false accusations against Plaintiff in the complaint, which SULLIVAN signed.

25.    Lieutenant Ian Rule verified Plaintiff's false arrest.

26.    On or about April 20, 2015, all charges against Plaintiff were dismissed and sealed.

27.    As a result of the Defendants' actions, Plaintiff suffered serious physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

## COUNT ONE
### False Arrest,
### 42 U.S.C. § 1983 Against
### All Defendants

28.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

29.     The Defendants, individually and in concert, and acting under the color of law, deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures and to her liberty by searching, arresting, confining, causing the confinements, and/ or continuing the confinements of Plaintiff without any privilege whatsoever.

30.     Plaintiff was conscious of her confinements.

31.     Plaintiff did not consent to her confinements.

32.     The Defendants each deprived Plaintiff of her rights intentionally, knowingly, willfully, or recklessly, under color of law.

33.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT TWO
### Excessive Use of Force
### 42 U.S.C. § 1983 Against All Defendants

34.     Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

35.     The Defendants intentionally touched Plaintiff.

36.   The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

37.   Plaintiff did not consent to the excessive physical contact by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

38.   By virtue of the foregoing, the Defendants each deprived Plaintiff of her right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

39.   The Defendants each deprived Plaintiff of her rights intentionally, willfully, or recklessly, under color of law.

40.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

**COUNT THREE**
**Substantive Due Process**
**42 U.S.C. § 1983 Against All**
**Defendants**

41.   Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

42.   The Defendants each maliciously and sadistically abused their government power in their actions toward Plaintiff.

43.   These actions were of a kind likely to, and which in fact did, produce substantial injury to Plaintiff.

6

44.    The Defendants treated Plaintiff in a manner that shocks the conscience.

45.    The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

46.    The Defendants each deprived Plaintiff of her rights intentionally, willfully, or recklessly, under color of law.

47.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT FOUR
### Cruel and Unusual Punishment
### 8th and 14th Amendments
### Against All Defendants

48.    Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

49.    The Defendants intentionally inflicted unnecessary and wanton pain and punishment upon Plaintiff by punching and kicking her.

50.    By intentionally inflicting unnecessary and wanton pain and punishment upon Plaintiff, the Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

51.    The Defendants each deprived Plaintiff of her rights intentionally, willfully, or recklessly, under color of law.

52.    As a direct and proximate result of the misconduct and abuse

of authority detailed above, Plaintiff sustained the damages herein  alleged.

## COUNT FIVE
### Denial of Constitutional
### Right to Fair Trial
### Against all Individual Defendants

53.    Plaintiff repeats and realleges each and every allegation  above as if fully set forth herein.

54.    Defendant SULLIVA, RULE, and the JOHN DOE defendants deprived Plaintiff of her rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution by manufacturing false evidence.

55.    SULLIVAN, RULE, and the JOHN DOE defendants used this false evidence to initiate criminal proceedings  against Plaintiff.

56.    The State thereafter used this evidence to initiate criminal proceedings against Plaintiff.

57.    As a result, Plaintiff was deprived of her liberty.

58.    SULLIVAN, RULE, and the JOHN DOE defendants deprived Plaintiff of her rights intentionally, willfully, or recklessly, under color of law.

59.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

## COUNT SIX
## Failure to Intervene

60.    Plaintiff repeats and realleges each and every allegation as if fully set forth.

61.    Those Defendants that were present and did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62.    Accordingly, the Defendants who failed to intervene violated the First, Fourth, Fifth, and Fourteenth Amendments.

63.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## COUNT SEVEN

## 42 U.S.C. § 1983

## *Monell* Against Defendant City

64.    The plaintiff incorporates by reference the factual allegations set forth above as if fully set forth herein.

65.    Prior to the date of the incident alleged herein, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in New York, which caused the violation of plaintiff's rights.

66.    It was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of widespread,

systemic police misconduct, and such acts of misconduct have instead been allowed by the City of New York.

67.     It was the policy and/or custom of the City of New York to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of New York did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

68.     The effects of any in-service training and re-training of officers known to have engaged in police misconduct were wholly negated by the rampant culture of misconduct and impunity sanctioned by the command structure of the New York City Police Department and City of New York.

69.     As a result of the above described policies and customs, police officers of the City of New York, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be allowed.

70.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

## COUNT EIGHT

### Malicious Abuse of Process

71.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

72.    The individual defendants issued legal process to place Plaintiff under arrest.

73.    The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

74.    The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

75.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### RELIEF

**WHEREFORE,** Plaintiff requests that this Court:

(a)    Award compensatory damages against      the defendants, jointly and severally;

(b)    Award punitive damages against the individual defendants, jointly and severally;

(c)    Award costs of this action to the  Plaintiff;

(d)    Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 42 U.S.C. § 1988;

(e)      Such other and further relief as this Court  deems just and proper.


## JURY DEMAND

Plaintiff hereby demands a jury trial.


DATED:        February 5,  2016
              Brooklyn, New York


                        _Amy Rameau_
                        _____
                        Amy Rameau,  Esq.
                        16 Court Street
                        Suite 2504
                        Brooklyn, NY  11241


TO:           All Defendants
              Corporation  Counsel  of the  City of New York